UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED MALVEO                                              CIVIL ACTION

VERSUS

JOHN SMITH, ET AL.                                         NO. 14-3-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2017.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED MALVEO                                              CIVIL ACTION

VERSUS

JOHN SMITH, ET AL.                                         NO. 14-3-SDD-RLB

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Alfred Malveo, challenges his conviction, entered in 2010 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of possession with intent to distribute a Schedule II controlled dangerous substance (cocaine).  The petitioner contends that (1) the evidence was insufficient to support his conviction; (2) the trial court erred in permitting testimony regarding the petitioner's confession in the absence of evidence that the confession was voluntary; (3) the search warrant was fatally defective; and (4) he was provided with ineffective assistance at trial when his attorney failed to challenge the defective search warrant.

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Malveo*, 11-1308 (La. App. 1 Cir. 3/23/12), 2012 WL 997005), are as follows:  On September 24, 2009, as a result of an ongoing narcotics investigation, officers of the Baton Rouge Police Department went to an apartment located in a complex on Cezanne Avenue in Baton Rouge to assist in the execution of a search warrant.  Upon forced entry, one of the officers deployed a distraction device.  As the officers entered the apartment with their weapons drawn, Sergeant Darren Leach observed defendant approach a garbage bag in the kitchen area

and rummage into it, while the other individuals immediately got on the floor. Defendant was ordered to put his hands up or get on the floor and he complied. Defendant and the other individuals were advised of their *Miranda* rights. Sergeant Leach was suspicious of defendant's behavior and advised the other detectives to search the garbage bags. Defendant informed Detective Michael Burkett that he lived in the apartment with his aunt. A bag of marijuana was recovered from defendant's pants pocket. Additionally, a bag of a rock-like substance (suspected crack cocaine) was recovered from the garbage bag. Defendant was placed under arrest in connection with the evidence, including incriminating statements made by defendant at the scene.

**Procedural History**

After a trial by jury conducted in August, 2010, the petitioner was found guilty of possession with intent to distribute a Schedule II controlled dangerous substance (cocaine). The trial court denied the petitioner's Motion for Post Verdict Judgment of Acquittal and Motion for New Trial. The petitioner was thereafter adjudicated a third-felony habitual offender, and on April 26, 2011, was sentenced to twenty years imprisonment at hard labor without benefit of probation or suspension of sentence. The petitioner thereafter appealed his conviction, through counsel provided by the Louisiana Appellate Project, and asserted a single claim of insufficiency of the evidence. On March 23, 2012, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit. *See State v. Malveo* 11-1308 (La. App. 1 Cir. 3/23/12), 2012 WL 997005. The petitioner's application for supervisory review in the Louisiana Supreme Court consisted of his original insufficiency of evidence claim, and two additional claims – ineffective assistance of counsel at trial and violation of his constitutional rights during

the multiple offender adjudication. The application was denied on October 8, 2012. *See State v. Malveo*, 12-0984 (La. 10/8/12), 98 So.3d 849.

On or about October 17, 2012, the petitioner filed a habeas proceeding in this Court asserting the same three claims. The habeas proceeding was dismissed on the grounds of failure to exhaust his state court remedies since the petitioner failed to present his claims of ineffective assistance of counsel and violation of his constitutional rights during the multiple offender adjudication to the intermediate appellate court. *See Malveo v. Caldwell, et al.*, Civ. Action No. 12-669-BAJ-DLD (La. M.D.), R. Doc. 6.

On or about January 24, 2013, the petitioner filed an application for post-conviction relief in the state district court, asserting that his trial counsel was ineffective for failing to file motions to show that he was not a drug distributor, failing to properly investigate or file motions to make the State produce evidence that may have been favorable to him, and failing to object to the fact that no evidence was presented to convict him of the crime for which he was charged. The petitioner also asserted that the evidence was insufficient to support his conviction, and that his constitutional rights were violated during the habitual offender adjudication. Pursuant to an Order dated April 8, 2013, the petitioner's application was denied in the trial court.

On or about April 29, 2013, the petitioner filed a Motion to Vacate Illegal Conviction and Sentence. Therein the plaintiff presented the same claims, among others, as are presented in his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On or about May 15, 2013, the petitioner filed a Petition for Writ of Habeas Corpus in the trial court. The petitioner's Motion to Vacate Illegal Conviction and Petition for Writ of Habeas Corpus were denied by the trial court without reason on June 14, 2013. The petitioner sought review in the appellate court of the denials of his application for post-conviction relief, Motion to Vacate

Illegal Conviction and Sentence, and Petition for Writ of Habeas Corpus, and his applications before that court were denied on September 9, 2013.  *See State v. Malveo,* 13-1007 (La. App. 1 Cir. 9/9/13), 2013 WL 12120807 and *State v. Malveo,* 13-1128 (La. App. 1 Cir. 9/9/13), 2013 WL 12120863.  Whereas the petitioner sought further review in the Louisiana Supreme Court relative to that determination, his application before that court was denied on May 23, 2014.  *See State ex rel. Malveo v. State*, 13-2470 (La. 5/23/14), 140 So.3d 721.

On or about January 2, 2014, the petitioner filed the instant application for habeas corpus relief in this Court.  The state asserts that the petitioner failed to properly exhaust his state court remedies as to the claims asserted herein, other than the petitioner's claim regarding the sufficiency of the evidence.

## Failure to Exhaust

Under 28 U.S.C. § 2254(b) and (c), a claimant seeking habeas corpus relief in federal court is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined.  As a general rule, federal habeas corpus relief is available on a habeas petition only when ALL of the claims in the petition have been exhausted through the state courts.  *Rose v. Lundy,* 455 U.S. 509 (1982).  *See also Whitehead v. Johnson,* 157 F.3d 384 (5th Cir. 1998) ("A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims").  The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented "in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004).  Thus, a petitioner may not be seen to have properly exhausted his state court remedies if he has presented his claims only in the intermediate appellate court and state supreme court and has not presented his claims at the trial court level.  *See Daughty v. Louisiana,* 2011

WL 7643844 (E.D. La., Dec. 14, 2011) ("A petitioner does not exhaust state remedies when he fails to present claims to the lower courts before submitting them to the state's highest court, here the Louisiana Supreme Court.")

A review of the supplemented record reveals that the petitioner has exhausted state court remedies relative to claims (2), (3), and (4), *i.e.,* that the trial court erred in permitting testimony regarding the petitioner's confession in the absence of evidence that the confession was voluntary; the search warrant was fatally defective; and he was provided with ineffective assistance at trial when his attorney failed to challenge the defective search warrant.  These claims were presented to the trial court in the petitioner's Motion to Vacate Illegal Conviction and Sentence, which was denied by the trial court.  The petitioner thereafter sought review in the intermediate appellate court and the state supreme court.  *See State v. Malveo,* 13-1128 (La. App. 1 Cir. 9/9/13), 2013 WL 12120863 and *State ex rel. Malveo v. State*, 13-2470 (La. 5/23/14), 140 So.3d 721.  As such, the state's argument regarding exhaustion is without merit.  The Court now turns to the merits of the petitioner's claims, which have not been addressed by the state.[1]

## Standard of Review

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

---

[1] On November 3, 2014, this Court ordered the Clerk of Court and/or the District Attorney for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana to supplement the state court record with various documentation not previously provided to the Court.  The Court also ordered the District Attorney to file a supplemental memorandum addressing the additional portions of the state court record and their impact on the state's contention that petitioner failed to exhaust his state court remedies, and addressing the merits of the petitioner's claims.  Although the Clerk of Court and the District Attorney supplemented the state court record as ordered, the District Attorney did not file a supplemental memorandum.

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Substantive Review

### *Claim (1): Sufficiency of the Evidence*

In Claim (1), the petitioner asserts that the evidence presented was insufficient to establish that the petitioner had the intent to sell or distribute cocaine. The State had the burden of proving beyond a reasonable doubt that the petitioner knowingly and intentionally possessed the cocaine and that he did so with the intent to distribute it. *See* La. R.S. 40:967A. The petitioner argued on direct appeal that the evidence was not sufficient to meet the State's burden.

The appellate court, citing the correct *Jackson* standard,[2] noted factors relevant to whether such intent is present: (1) whether the defendant ever distributed or attempted to distribute to the drug, (2) whether the drug was in a form usually associated with possession for distribution to others, (3) whether the amount of the drug created a presumption of an intent to distribute, (4) whether expert or other testimony established that the amount of the drug found in the defendant's possession is inconsistent with personal use only, and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.

The petitioner stated to Detective Burkett that he was selling small amounts of cocaine to survive and to help his aunt with monetary expenses. Although Detective Burkett testified that the amount of cocaine was small, and that no evidence consistent with distribution such as scales or packaging materials were found, four hundred and fifty-two dollars ($452.00) was found in the petitioner's front pants pocket and no items which would indicate personal use, such as pipes, were found in the apartment. Detective Burkett further testified that in his experience, most arrests made for personal use of cocaine consist of merely tenths of a gram, which is much less than the amount in the petitioner's possession. In light of the foregoing, the appellate court determined that the evidence sufficiently corroborated the petitioner's confession, and that the evidence was sufficient to uphold the verdict under the *Jackson* standard. *State v. Malveo,* 11-1308 (La. App. 1 Cir. 3/23/12), 2012 WL 997005, *3-4.

For the reasons noted by the state appellate court, the evidence presented in the instant case, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the petitioner guilty beyond a reasonable doubt. Therefore, he cannot show that the

---

[2] "In reviewing claims challenging the sufficiency of the evidence, the court must consider whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Malveo*, 11-1308 (La. App. 1 Cir. 3/23/12), 2012 WL 997005, *2 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, this Court should likewise reject the petitioner's claim challenging the sufficiency of the evidence.

### *Claims (2): Defective Miranda*

In Claim (2) the petitioner asserts that he was not properly advised of his right to remain silent and his right to counsel when the officers, including Sgt. Leach, used force to gain entry into the apartment, deployed a distraction device and entered with their weapons drawn. The petitioner complains that Sgt. Leach did not obtain any written documentation of a statement made by the petitioner regarding selling drugs to the petitioner's aunt. A review of the trial testimony reveals that no such statement was introduced at trial.

The statement of the petitioner that was introduced at trial was made to Detective Burkett. The petitioner asserts that this statement was introduced without proof that it was freely and voluntarily given; however, Detective Burkett testified as follows: Upon his entry into the department he located the petitioner and two other individuals and advised them of their *Miranda* rights. The petitioner then stated that he lived with his aunt, and in response to questioning by Detective Burkett stated that he had a small bag of marijuana in his pants pocket. The petitioner then indicated that no other narcotics were present. Detective Burkett then searched a bag of garbage in the kitchen and recovered a bag of crack cocaine. Detective Burkett then walked over to the petitioner and asked him to explain. The petitioner stated to Detective Burkett that the cocaine was his, that his aunt had no knowledge of it, and that he was selling small amounts of cocaine to survive and help his aunt pay rent and other bills. When Detective Burkett questioned

the plaintiff, he did not intimidate the plaintiff, did not yell at the plaintiff, and did not make the plaintiff any promises.

The Fifth Amendment provides that no person "... shall be compelled in any criminal case to be a witness against himself ..." U.S. Const. Amend. V. In *Miranda,* the Supreme Court held the privilege against self-incrimination requires that incriminating statements obtained during a custodial interrogation be inadmissible as evidence against a defendant unless the defendant was provided a full and effective warning of his rights. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602 (1966). The petitioner does not assert that he was not advised of his *Miranda* rights by Detective Burkett or that he was coerced by Detective Burkett. Rather, the petitioner asserts that the State did not offer any proof that his statements were freely and voluntarily. However, the trial testimony summarized above reflects that the plaintiff was advised of his *Miranda* rights prior to responding to Detective Burkett's questioning with incriminating statements, and the plaintiff was not coerced in any manner to make said statements. As such, this claim is without merit.

### *Claims (3) and (4): Defective Warrant / Ineffective Assistance of Counsel*

In Claims (3) and (4), the petitioner alleges that the search warrant was defective because it failed to describe the persons to be seized and searched, and failed to authorize the officers to use force to gain entry into the apartment to search for cocaine; therefore, the evidence obtained should have been excluded from trial. The petitioner further alleges that his trial counsel was ineffective for failing to file a motion to suppress on these grounds.

Addressing first the petitioner's claims of ineffective assistance of counsel, a habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel

made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel. *Id*.

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *See,* e.g.*, Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See,* e.g., *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin v. McCotter*, *supra*, 796 F.2d at 817. Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington*, *supra*, 466 U.S. at 693. Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of

the proceeding would have been different. *Martin v. McCotter*, *supra*, 796 F.2d at 816. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Id*. at 816-17. Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The above showing is one that the petitioner cannot make in the instant case. A review of the record reveals that a Motion to Suppress was filed by the petitioner's trial counsel on or about December 7, 2009. Therein the petitioner's trial counsel argued that "the arrest, detention, and/or search of said defendant was legally defective." More specifically, the petitioner's trial counsel argued that the application for the search warrant failed to contain facts to support that the confidential informant was a reliable source, and that the warrant did not include the search of the defendant's person within its scope. The petitioner cites no authority to show that his trial counsel had a legal or factual basis upon which to pursue a motion to suppress on any additional grounds. As such, the petitioner's claim of ineffective assistance of counsel is without merit.

Turning to the plaintiff's claims regarding the defective warrant in general, fourth Amendment violations are generally not cognizable on federal habeas review. *Stone v. Powell,* 428 U.S. 465 (1976). In *Stone v. Powell,* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id.* at 494. The Fifth Circuit has

interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*

Thus, it is the opportunity to present a Fourth Amendment claim to the state courts that is the basis of the *Stone* prohibition, without regard for whether that opportunity is actually exercised or is unsuccessful. *Janecka v. Cockrell,* 301 F.3d 316, 320–21 (5th Cir. 2002), *cert. denied,* 537 U.S. 1196 (2003). Even if a defendant fails to take advantage of the opportunity to litigate a motion to suppress or assert Fourth Amendment claims, the fact that the opportunity existed suffices for the *Stone* bar to apply. *Id.* at 320.

The Fifth Circuit has held that the *Stone* bar applies despite an error by the state court in deciding the merits of the Fourth Amendment claim. *Swicegood v. Alabama,* 577 F.2d 1322, 1324–25 (5th Cir. 1978); *Woodard v. Thaler,* 702 F. Supp. 2d 738, 759 (S.D. Tx. 2010) ("[E]ven if the state court improperly applied its own procedural law in refusing to consider Woodard's Fourth Amendment argument," the *Stone* bar still applies.) (citing *Moreno v. Dretke,* 450 F.3d 158, 167 (5th Cir. 2006)).

The petitioner had an opportunity to raise his defective warrant claim in a motion to suppress evidence and, as noted above, the record reveals that a Motion to Suppress was filed by his trial counsel. Because the petitioner had an opportunity for a full and fair hearing on his claim in the state court, *Stone* forecloses review of the petitioner's Fourth Amendment claim in a federal habeas proceeding.

**Certificate of Appealability**

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

**RECOMMENDATION**

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 9, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE